UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JANINE HESS<br>5517 Wesley Chapel Road<br>Urbana, OH  43078<br><br>and<br><br>MICHAEL HESS<br>5517 Wesley Chapel Road<br>Urbana, OH  43078<br><br>     Plaintiffs,<br><br>vs.<br><br>FARM CREDIT MID-AMERICA, ACA<br>1601 UPS Drive<br>PO Box 34390<br>Louisville, KY  40223,<br><br>and<br><br>FARM CREDIT MID-AMERICA, FLCA<br>2241 Troy Road<br>Springfield, OH 45504,<br><br>     Defendants. | CASE NUMBER:  3:13-cv-431<br><br>JUDGE: |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

**JURY DEMAND ENDORSED HEREIN**

**I. PRELIMINARY STATEMENT**

1. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against defendants, Farm Credit Services of Mid-America, ACA and Farm Credit Services of Mid-America, FCLA, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"); the Equal Credit

1

Opportunity Act, 15 U.S.C. § 1691 *et seq.*, ("ECOA"); Federal Reserve Board Regulation B, 12 C.F.R. § 202, *et seq.*, promulgated pursuant thereto; Ohio's Consumer Sales Practices Act, R.C. § 1345.01, *et seq.*, ("CSPA"); and for common law invasion of privacy.

## II. JURISDICTION

2. This Court has jurisdiction for the First, Second, and Counts pursuant to the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C §§ 1331 and 1337.

3. This Court has jurisdiction for the Fourth Count pursuant to the ECOA, 15 U.S.C. § 1691e(f) and 28 U.S.C. §§ 1331 and 1337.

4. This Court has supplemental jurisdiction for the Fifth and Sixth Counts pursuant to 28 U.S.C. § 1367.

## III. PARTIES

5. Plaintiffs, Janine Hess and Michael Hess, are natural persons currently residing within this Court's jurisdiction at 5517 Wesley Chapel Road, Urbana, Champaign County, Ohio 43078.

6. Plaintiffs, Janine Hess and Michael Hess, were and are **Persons** within the meaning of the FCRA at 15 U.S.C. § 1681a(b); the ECOA at 15 U.S.C. § 1691a(f); and the CSPA at R.C. § 1345.01(B), at all times relevant to this transaction.

7. Plaintiff, Janine Hess, was and is a **Consumer** within the meaning of R.C. § 1345.01(D).

8. Plaintiff, Michael Hess, was and is an **Applicant** within the meaning of the ECOA at 15 U.S.C. § 1691a(b) at all times relevant to this transaction.

9. Plaintiff, Janine Hess, was and is a **Consumer** within the meaning of the FCRA at 15 U.S.C. § 1681a(c) at all times relevant to this transaction.

*

10. Defendant, Farm Credit Mid-America, ACA ("FC-ACA,") is a cooperative credit institution, federally chartered pursuant to the Farm Credit Act of 1971, and with its principal place of business in Kentucky.

11. Defendant, FC-ACA, is the parent company to subsidiary defendant, Farm Credit Mid-America, FLCA ("FC-FLCA").

12. Defendant, FC-ACA, was and is a **Person** within the meaning of the FCRA at 15 U.S.C. § 1681a(b); the ECOA at 15 U.S.C. § 1691a(f); and the CSPA at R.C. § 1345.01(B), at all times relevant to this transaction.

13. Defendant, FC-ACA, was and is a **Creditor** within the meaning of the ECOA at 15 U.S.C. § 1691a(e) at all times relevant to this transaction.

14. Defendant, FC-ACA, was and is a **Supplier** within the meaning of the CSPA at R.C. § 1345.01(C).

*

15. Defendant, FC-FLCA, is a wholly-owned subsidiary of FC-ACA operating as a branch office located in Springfield, Ohio.

16. Defendant, FC-FLCA, was and is a **Person** within the meaning of the FCRA at 15 U.S.C. § 1681a(b); the ECOA at 15 U.S.C. § 1691a(f); and the CSPA at R.C. § 1345.01(B), at all times relevant to this transaction.

17. Defendant, FC-FLCA, was and is a **Creditor** within the meaning of the ECOA at 15 U.S.C. § 1691a(e) at all times relevant to this transaction.

18. Defendant, FC-FCLA, was and is a **Supplier** within the meaning of the CSPA at R.C. § 1345.01(C).

## IV. FACTUAL ALLEGATIONS

19. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

20. Plaintiffs, Janine Hess and Michael Hess (collectively, "the Hesses"), have a primary residence located at 5517 Wesley Chapel Road, Urbana, Champaign County, Ohio, 43078 ("the primary residence").

21. On or about December 2, 2011, Plaintiff, Michael Hess ("Mr. Hess"), contracted with Mark A. Hess ("Mark") and Michele L. Hess ("Michele") via a land contract to purchase a 12.379 acre tract of land, parcel B04-02-12-11-00-0009-00 in the Champaign County records, located at 5517 Wesley Chapel Road, Urbana, Champaign County, Ohio 43078 ("the property"), which is adjacent to the primary residence.

22. Mr. Hess agreed to buy the tract from Mark and Michele, his father and step-mother, for $73,405.00, together with interest on the unpaid balance that accrued during the duration of the contract.

23. The land contract required Mr. Hess to pay Mark and Michele, his father and step-mother, $500.00 per month from December 20, 2011 until December 28, 2012 when the remaining principal and interest were fully due.

24. Mr. Hess decided to pursue a loan with FC-ACA at their Champaign County branch, FC-FLCA, to buy out the land contract.

4

25. On or about March 27, 2013, Mr. Hess called FC-FLCA and spoke with a secretary about setting up an appointment to apply for a loan.

26. The secretary informed Mr. Hess that an appointment was not necessary, she would e-mail him the application, and then he could drop off the application and corresponding documentation at his convenience.

27. The secretary informed Mr. Hess that Elizabeth Meade ("Ms. Meade") would be the loan officer handling his application.

28. On April 1, 2013, Mr. Hess submitted FC-FCLA's Home Loan Application ("the application") at FC-FCLA.

29. Mr. Hess gave the application to the secretary at FC-FCLA.

30. Mr. Hess's first and only communication with Ms. Meade was on April 5, four days later, informing him of FC-FCLA's loan denial.

31. FC-FCLA's Home Loan Application stated that if applicants were married and filing jointly, the spouse's information must also be included in the application.

32. Mr. Hess was the only named applicant on the application and only Mr. Hess signed the application.

33. Plaintiff, Janine Hess ("Mrs. Hess,") was not named anywhere on the loan application, nor did she sign the loan application.

34. Further, on the "Borrower's Signature Authorization Form," Mr. Hess authorized FC-FLCA to pull his credit.

35. Mrs. Hess did not sign the "Borrower's Signature Authorization Form," and at no point authorized her credit being pulled.

36. The application also required Mr. Hess to submit his most recent taxes, W-2s, bank statements, and paystubs.

37. Because he was the sole applicant on the application, only Mr. Hess submitted paystubs and retirement account information.

38. Mr. Hess submitted documentation of the Hesses joint bank account and tax return because this was the only way for him to document *his* bank account and tax return information.

39. Mr. or Mrs. Hess in no way gave FC-FLCA permission to pull Mrs. Hess's credit as she was not an applicant, nor had she given FC-FLCA permission to pull her credit.

40. The Hesses had no communication with FC-FLCA from the point the application was submitted on April 1, 2013 until April 5, 2013.

41. On April 5, 2013 at 1:34p.m., Ms. Meade called Mr. Hess and informed him that his application had been denied.

42. When Mr. Hess asked Ms. Meade why the application had been denied, she told him that it was because of his wife's bankruptcy.

43. When Mr. Hess asked Ms. Meade why his wife's credit was pulled and considered when she was not on the application, Ms. Meade told him that she had run the credit check both ways.

44. When the Hesses contacted FC-ACA about why they pulled Mrs. Hess's credit, FC-ACA's representative, Louis McIntire, claimed that Ms. Meade received verbal permission from Mr. Hess via a phone call after Mr. Hess submitted the application.

45. This was patently untrue as no one from FC-ACA or FC-FCLA had contacted the Hesses after Mr. Hess submitted the application.

46. In fact, on or about April 2, 2013, FC-ACA had pulled Mrs. Hess's credit without her permission.

47. On or about April 8, 2013, Mr. Hess received a notice from FC-FCLA ("the Notice") signed by Ms. Meade informing him of the loan denial.

48. Also enclosed with the Notice were credit reports run by FC-ACA on both Mr. and Mrs. Hess.

49. Again, at no point prior had Plaintiffs given Defendants permission to pull Mrs. Hess's credit.

50. The Hesses were married in 2009.

51. Mrs. Hess was discharged in bankruptcy on or about March 8, 2005, 4 years before the Hesses were married.

52. Mrs. Hess had not disclosed the bankruptcy to her husband because it had happened years prior to their marriage and she was embarrassed and humiliated by it.

53. In addition, the bankruptcy had never come up between the Hesses because Mrs. Hess was and is a stay-at-home parent, has no income, and the Hesses decided not to have her on any prior loan applications.

54. As a result, the Hesses two prior home loans had been done in Mr. Hess's name alone, and Mrs. Hess's credit was never reviewed.

55. The fallout from FC-FCLA's disclosure of Mrs. Hess's bankruptcy was disastrous to the Hess's marriage and resulted in their severe emotional distress.

56. The Hesses contemplated divorce and fought constantly because of the Defendants' actions.

57. Mrs. Hess, who had previously suffered from post-partum depression, was forced to restart her anti-depressant medication because of the fighting and stress resulting from Defendants' actions.

58. Mrs. Hess suffered from constant headaches for several weeks after the disclosure of her bankruptcy to Mr. Hess from the pressure of her embattled marriage.

59. Mark and Michele, Mr. Hess's father and step-mother, were still waiting to be paid for the property.

60. Mr. Hess had informed Mark and Michele of the application to FC-FCLA.

61. After the loan was denied, Mr. Hess was distraught and informed Mark and Michele of Mrs. Hess's bankruptcy.

62. Mark and Michele still refuse to speak to Mrs. Hess and this has caused considerable emotional distress for the Hesses.

## V. FIRST COUNT – WILLFUL VIOLATION OF THE FCRA (IMPERMISSIBLE PURPOSE)

63. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

64. Congress enacted the FCRA to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. *See* 15 U.S.C. § 1681.

65. Defendants actions defined herein are violations of 15 U.S.C. §§ 1681b(f) and 1681n.

66. Mrs. Hess's credit report obtained by Defendants on or about April 2, 2013 constituted a **consumer report** within the meaning of the FCRA at 15 U.S.C. §

1681a(d)(1) because it served as a factor for establishing Mrs. Hess's eligibility for the extension of personal, family, or household credit.

67. Defendants were prohibited from using or obtaining Mrs. Hess's credit report under 15 U.S.C. § 1681b(f) because the consumer report was not obtained for a purpose for which her consumer report was authorized to be furnished under 15 U.S.C. § 1681b.

68. Mrs. Hess's credit report was not authorized to be furnished under 15 U.S.C. § 1681b(3)(A) because Defendants were not involved in a credit transaction with Mrs. Hess.

69. Defendants were not involved in a credit transaction with Mrs. Hess because she had not applied for a loan with Defendants nor were Defendants offering to extend credit to her.

70. Willful conduct under the FCRA comprises knowing or reckless violations of the FCRA.  *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57-60, 127 S. Ct. 2201 (2007).

71. Defendants knowingly or recklessly violated the FCRA by obtaining and using Mrs. Hess's consumer report because Mrs. Hess was not on the application for credit, the Hesses were not applying jointly, and Mrs. Hess never gave Defendants permission to begin a credit transaction with her.

72. As a result, as stated herein, Mrs. Hess suffered actual, physical, and emotional damages as a result of Defendants' violations of the FCRA.

73. Defendants are liable to Mrs. Hess for Mrs. Hess's maximum actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); maximum punitive damages pursuant to 15

U.S.C. § 1681n(a)(2); and the costs of this action and attorney's fees pursuant to 15U.S.C. § 1681n(3).

## IX. SECOND COUNT – NEGLIGENT VIOLATION OF THE FCRA (IMPERMISSIBLE PURPOSE)

74. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

75. Defendants actions defined herein constitute violations of 15 U.S.C. §§ 1681b(f) and 1681o.

76. Upon information and belief, Defendants negligently violated the FCRA for the reasons stated in herein.

77. As a result, as stated herein, Mrs. Hess suffered actual, physical, and emotional damages as a result of Defendants' violations of the FCRA.

78. Defendants are liable to Mrs. Hess for Mrs. Hess's maximum actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and the costs of this action and attorney's fees pursuant to 15U.S.C. § 1681o(a)(2).

## X. THIRD COUNT – VIOLATION OF THE FCRA (FALSE PRETENSES)

79. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

80. Defendants knowingly obtained information on Mrs. Hess under false pretenses.

81. A defendant acts with false pretenses where it knowingly and willfully obtains a consumer report under an impermissible purpose and then falsely specifies a permissible purpose to the consumer reporting agency. *Cheatham v. McCormick*, 100 F.3d 956 (6th Cir. 1996.)

82. As described herein, Defendants knowingly and willfully obtained Mrs. Hess's credit report under an impermissible purpose.

83. Further, upon information and belief, Defendants falsely specified a permissible purpose to the credit reporting agency in order to obtain a copy of Mrs. Hess's credit report.

84. As a result, as stated herein, Mrs. Hess suffered actual, physical, and emotional damages as a result of Defendants' violations of the FCRA.

85. Thus, Defendants are liable to Mrs. Hess for their violation of 15 U.S.C. §§ 1681n(a)(1)(B) and 1681q.

86. Defendants are liable to Mrs. Hess for Mrs. Hess's maximum actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(B); maximum punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and the costs of this action and attorney's fees pursuant to 15U.S.C. § 1681n(3).

## XI. FOURTH COUNT – VIOLATIONS OF THE ECOA

87. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

88. Defendants actions described herein violate the ECOA, 15 U.S.C. § 1691, as implemented by Regulation B, 12 C.F.R. § 202, by discriminating against Mr. Hess on the basis of marital status.

89. Mr. Hess was the member of a protected class because his loan was denied on the basis of his spouse's credit when he was creditworthy on his own.

90. Mr. Hess's loan application was for an extension of **credit** within the meaning of the ECOA, 15 U.S.C. § 1691a(d), because it would have incurred a debt to purchase the property as well as defer repayment over a span of time.

91. Defendants violated many provisions of Regulation B, 12 C.F.R. § 202, *et al.*

92. Defendants discriminated against Mr. Hess on a prohibited basis under 12 C.F.R. § 202.4(a) by denying his loan application to Defendants on the basis of his wife's credit when he had applied for the loan alone.

93. Defendants were not permitted to request any information about Mrs. Hess under 12 C.F.R. § 202.5(c) because the loan was not an account Mrs. Hess could use; Mrs. Hess would not be contractually liable on the account; Defendants were not relying on Mrs. Hess's income as a basis of repayment for the credit requested, as she has no income; the Hesses do not reside in a community property state nor have property located in a community property state; and Mr. Hess was not relying on any alimony, child support, or separate maintenance payments from Mrs. Hess as a basis for repayment.

94. Thus, Defendants violated 12 C.F.R. § 202.5(c) because they claim they requested information about Mrs. Hess despite the fact they had no permissible reason to do so.

95. Defendants violated 12 C.F.R. § 202.6(b)(1) by taking a prohibited basis into account in their system of evaluating the creditworthiness of applicants by considering Mrs. Hess's credit on Mr. Hess's individual application for a loan.

96. Defendants violated 12 C.F.R. § 202.6(b)(8) by evaluating Mr. Hess's application for credit using a different standard than it would evaluate an unmarried applicant because it used an unrelated party to the credit transaction, Mrs. Hess, in considering

his application whereas, upon information and belief, it would not do the same thing for an unmarried applicant.

97. Defendants violated 12 C.F.R. § 202.7(a) by refusing to grant Mr. Hess a loan on the basis of his wife's credit history when she was an unrelated party to the credit transaction.

98. Finally, Defendants violated 12 C.F.R. § 202.7(d)(1) by deeming the submission of the Hesses joint financial statements and jointly held assets as an application for joint credit when Mr. Hess clearly applied as an individual as described herein.

99. As a result of Defendants actions described herein, Defendants are liable under 15 U.S.C. § 1691e(a).

100. Defendants are to liable to Mr. Hess for Mr. Hess's maximum actual damages pursuant to 15 U.S.C. § 1691e(a); maximum punitive damages pursuant to 15 U.S.C. § 1691e(b); and the costs of this action and attorney's fees pursuant to 15 U.S.C. § 1691e(d).

## XII. FIFTH COUNT – VIOLATIONS OF THE CSPA

101. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

102. Defendants actions described in the First, Second, and Third Counts are unfair or deceptive acts or practices in violation of Ohio's Consumer Sales Practice Act, R.C. § 1345.01, *et seq.* ("CSPA") at R.C. § 1345.02

103. Defendants are liable to Mrs. Hess under this Count in the amount equal to Mrs. Hess's maximum actual damages, $5,000 in non-economic damages, and attorney's fees and costs, pursuant to R.C. §§ 1345.09(A) and 1345.09(F).

**XIII. SIXTH COUNT –INVASION OF PRIVACY (WRONGFUL INTRUSION)**

104. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

105. Defendants wrongfully intruded upon Mrs. Hess's privacy by pulling her credit report without her permission.

106. A credit report is comprised of potentially humiliating, private information not available to the public.

107. Pulling a credit report without permission and its subsequent disclosure to others is highly offensive and would cause outrage to a reasonable person.

108. Defendants' pulling of Mrs. Hess's credit report caused her emotional and physical harm including stress from the damage to her marriage, headaches, and depression.

109. Thus, Defendants are liable to Mrs. Hess for wrongfully intruding into her privacy.

**XIV. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court:

110. Assume jurisdiction of this case;

111. Award Plaintiffs maximum actual damages to be established at trial, including pursuant to 15 U.S.C. § 1681n(a)(1)(A) and (B); 15 U.S.C. § 1681o(a)(1); 15 U.S.C. § 1691e(a); and by Ohio common law.

112. Award Plaintiffs maximum statutory damages available, including pursuant to 15 U.S.C. § 1681n(a)(1)(A) and (B).

113. Award Plaintiffs maximum punitive damages as the court may allow, including pursuant to 15 U.S.C. § 1681n(a)(2) and 15 U.S.C. § 1691e(b).

114. Award Plaintiffs attorneys' fees and costs of the action, including pursuant to 15 U.S.C. § 1681n(3); 15 U.S.C. § 1681o(a)(2); and 15 U.S.C. § 1691e(d).

115. Award Plaintiffs maximum economic and non-economic damages, including emotional, punitive, and other damages;

116. Award Plaintiff declaratory relief that Defendants acts and practices violate the ECOA and CSPA, pursuant to 15 U.S.C. § 1691e(c) and R.C. § 1345.09(D).

6. Award such other relief as the court deems appropriate.

Dated this December 31, 2013.

                Respectfully submitted,
                DOUCET & ASSOCIATES, INC.


                /s/ Troy Doucet
                Troy J. Doucet, Trial Counsel (0086350)
                *Attorney for Plaintiffs Janine Hess and Michael Hess*
                4200 Regent Street, Suite 200
                Columbus, OH 43219
                (614) 944-5219 PH; (818) 638-5548 FAX
                Troy@TroyDoucet.com

**JURY TRIAL DEMANDED**

The plaintiffs respectfully request a jury trial on all triable issues.

                                        Respectfully submitted,
                                        DOUCET & ASSOCIATES, INC.

                                        /s/ Troy Doucet
                                        Troy J. Doucet, Trial Counsel (0086350)
                                        *Attorney for Plaintiffs Janine Hess and*
                                        *Michael Hess*
                                        4200 Regent Street, Suite 200
                                        Columbus, OH  43219
                                        (614) 944-5219 PH; (818) 638-5548 FAX
                                        Troy@TroyDoucet.com